UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUIS BONILLA,

                     Plaintiff,

   -against-                                   9:21-CV-1143 (LEK/DJS)

STACEY FREDENBURGH,

                     Defendant.

**DECISION AND ORDER**

Pro se plaintiff Luis Bonilla ("Plaintiff") commenced this action on October 20, 2021, by filing a complaint for relief pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. Dkt. Nos. 1 ("Complaint"), 2 ("IFP Application").

By Decision and Order filed November 30, 2021, the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 4 (the "November Order"). On the basis of that review, the Court dismissed the Complaint for failure to state a claim. Id. In light of Plaintiff's pro se status, he was afforded the opportunity to submit an amended complaint. See id.

On December 9, 2021, in lieu of an amended pleading, Plaintiff filed a request to "close this action [. . .] because the Court want[s] to charge money to Plaintiff without any guarantee[.]" Dkt. No. 6.

Rule 41(a) of the Federal Rules of Civil Procedure provides in relevant part that a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P.

41(a)(1)(A). Rule 41(a) further provides that unless the notice provides otherwise, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Since Defendant has not been served, and has not answered or moved for summary judgment, Plaintiff is entitled to voluntary dismissal of the action, without further order of the court, upon the filing of such a notice. Fed. R. Civ. P. 41(a)(1)(A)(i). And, by rule, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. . . ." Fed. R. Civ. P. 41(a)(1)(B).

In light of the foregoing, upon the filing of Plaintiff's motion, this action is dismissed, without prejudice. To the extent that Plaintiff's request to withdraw could be construed as a motion for a refund of the filing fee, that request is denied. Under the PLRA, if a prisoner commences a civil action IFP, the prisoner "shall be required to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), regardless of whether the case is dismissed or denied after filing. Thus, Plaintiff is statutorily required to pay the filing fee from his inmate account regardless of the outcome of his lawsuit. See Huffman v. Benson, No. 05-CV-0867, 2006 WL 625844, at *2 (W.D.N.Y. March 9, 2006) (denying inmate's request for a refund of the filing fee because he is statutorily required to pay it).

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court close this case and reflect that the action is voluntarily dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order on Plaintiff.

DATED:         January 05, 2022
               Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge